Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| CASE NUMBER | 10 C 5594 | DATE | 9-21-10 |
| CASE TITLE | Andrew Kish (#N-52818) vs. John Evans, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's application for leave to proceed *in forma pauperis* [#3] is granted. However, the petition on file is stricken. The petitioner is directed to submit an amended habeas petition (plus a judge's copy) within thirty days of the date of this order. The Clerk is directed to mail the petitioner an amended habeas form and instructions. Failure to comply within thirty days of the date of this order will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Andrew Kish, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner having demonstrated that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although the petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

However, the petition on file is unacceptable. Because the petitioner has not used the court's required form, *see* Local Rule 81.3(a) (N.D. Ill.), the court is uncertain whether the petitioner is challenging a state conviction, a parole revocation, or civil commitment as a sexually dangerous person. Without the basic information elicited on the court's form, the court cannot make a threshold determination as to whether the petitioner's claims have been properly exhausted and are timely.

The petitioner is granted thirty days to submit an amended petition. The amended petition must be on the forms required under Local Rule 81.3(a) of this court. The petitioner must write both the case number and the judge's name on the amended petition and return it to the Prisoner Correspondent. As with every document filed with the court, the petitioner must include the original plus a judge's copy of the amended habeas petition. The judge's copy must include a complete set of any exhibits attached to the original amended petition.

The amended petition replaces or supersedes the original petition. In other words, after the petitioner files an amended petition, the court will no longer consider the original petition. Thus, grounds contained in the **(CONTINUED)**

mjm

## STATEMENT (continued)

original petition will not be considered if they are not included in the amended petition. Furthermore, inmates generally have only one opportunity to seek federal habeas review. Therefore, the petitioner should fill out his amended petition carefully and completely, including any and all grounds he wants the court to consider in determining the validity of his conviction, parole revocation, or civil commitment.

The Clerk is directed to send the petitioner an amended habeas form and instructions for filing along with a copy of this order. Failure to comply with these directives within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.