Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | John Darrah |
|---|---|---|---|
| CASE NUMBER | 10 C 5594 | DATE | 10-22-10 |
| CASE TITLE | Andrew Kish (#N-52818) vs. John Evans, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to file the amended petition for a writ of habeas corpus. The respondent is ordered to answer the amended petition or otherwise plead within twenty-one days of the date of this order. The petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Andrew Kish, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his civil commitment as a sexually dangerous person on the grounds that the trial court improperly admitted into evidence (a) statements made by the petitioner during state-controlled therapy sessions, (b) results of a polygraph test, and (c) third-party statements and confidential medical records.

The petitioner has submitted an amended petition, as directed. *See* Minute Order of September 21, 2010. The petitioner maintains that he has exhausted state court remedies as to all claims raised in his amended habeas petition and appears to have filed this action in a timely manner. Accordingly, the respondents are ordered to answer the amended petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent

**(CONTINUED)**

mjm

directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondents' answer to the amended petition.

Illinois Attorney General Lisa Madigan will remain a respondent at this time. Because the petitioner is currently confined at the Big Muddy River Correctional Center under a state prisoner identification number, he presumably has not yet been transferred to the custody of the Illinois Department of Health and Human Services. The Attorney General is a proper party if a petitioner is challenging a future sentence. *See, e.g., Hogan v. Hanks,* 97 F.3d 189, 190 (7th Cir. 1996); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases.