UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. ANDREW KISH, <br><br> Petitioner, <br><br> v. <br><br> JOHN EVANS, Warden, Big Muddy River Correctional Center, <br><br> Respondent. | No. 10 C 5594 <br> Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Andrew Kish's Amended Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 against John Evans, Warden of Big Muddy River Correctional Facility, Ina, Illinois.

## BACKGROUND

In 1985, Petitioner was committed in a civil proceeding under Illinois' Sexually Dangerous Persons Act, 725 ILCS 205/1.01, following a hearing in the Circuit Court of Will County, Illinois. On December 22, 2004, Petitioner was placed on conditional release.

On November 20, 2007, the State moved to revoke Petitioner's conditional release. The State alleged that Petitioner had violated the terms of his conditional release by not following all treatment rules; being uncooperative, unmanageable, at extreme risk, and presented a danger to others; and viewed pornography. *In re Detention of Andrew Kish*, 916 N.E.2d 595, 551 (3rd App. Cir. IL) (*Kish*). Before the hearing, Petitioner filed five pretrial objections. Petitioner sought to: (1) establish that the rules of civil procedure and corresponding United States Supreme Court rules should apply; (2) establish that the State's burden of proof was beyond a reasonable doubt; (3) bar the results of the polygraph examinations; (4) bar his treating psychologist's

reports and testimony; (5) bar statements he made pursuant to the conditions of his release. *Id.* After the hearing, the trial court rejected all of Petitioner's objections.

During the revocation hearing, the trial court admitted this evidence that Petitioner had sought to exclude. At the conclusion of the hearing, the trial court found that Petitioner had violated the terms of his conditional release by a preponderance of the evidence.

Petitioner appealed the revocation of his conditional release to the Illinois Appellate Court, Third District. On appeal, Petitioner claimed that the trial court erred in denying his pretrial motion to: (1) apply the Rules of Civil Procedure and the corresponding Supreme Court rules; (2) establish reasonable doubt as the State's burden of proof; (3) bar the use of polygraph evidence; (4) strike the reports of Petitioner's treating psychologist and to bar the psychologist from testifying; and (5) strike and to bar certain statements made by Petitioner as volatile of his Fifth Amendment right against self-incrimination. *Kish*, 916 N.E.2d at 549. The appellate court affirmed the trial court's ruling. *Id.*

In October of 2009, Petitioner filed a petition for leave to appeal (PLA) to the Illinois Supreme Court. Petitioner raised eight issues: (1) whether the appellate court erred in affirming the trial court's decision to deny Defendant-Appellant's pretrial motion to establish the civil practice law and applicable Supreme Court rules as the law of the case; (2) whether the appellate court erred in affirming the trial court's decision to deny Defendant-Appellant's pretrial motion to establish the burden of proof in the case as beyond a reasonable doubt; (3) whether the appellate court erred in affirming the trial court's decision to deny Defendant-Appellant's pretrial motion *in limine* to bar the use of polygraph evidence; (4) whether the appellate court erred in affirming the trial court's decision to deny Defendant-Appellant's pretrial motion to strike the reports of Dr. Baker and bar his testimony; (5) whether the appellate court erred in affirming the

trial court's decision to deny Defendant-Appellant's pretrial motion to strike and bar statements made by Defendant-Appellant; (6) whether the appellate court erred in affirming the trial court's decision to deny Defendant-Appellant's hearsay objections to the admission, through witnesses Dr. Robert Baker and Senior Parole Agent Daniel Junker, of alleged statements made by Defendant-Appellant to the polygraph examiner, Marshon Conrad, who did not testify; (7) whether the appellate court erred in affirming the trial court's refusal to modify the conditions of Defendant-Appellant's conditional release instead of incarceration resulting in an abuse of discretion; (8) whether the appellate court erred in deciding that the trial court's ruling was not against the manifest weight of the evidence. The Illinois Supreme Court denied Petitioner's PLA. Petitioner did not appeal to the United States Supreme Court.

On June 10, 2010, Petitioner filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner claims: (1) the trial court violated his Fifth Amendment right against self-incrimination when it erroneously allowed into evidence statements that Petitioner made to his state psychiatrist during a therapy session; (2) the trial court violated Petitioner's due process rights when it erroneously allowed into evidence the content of the polygraph examinations administered to him while on conditional release; (3) the trial court violated his due process rights when it erroneously allowed into evidence his confidential medical information; (4) the trial court violated his Fifth Amendment right when it allowed witnesses to testify to statements made by the polygraph examiner regarding the results of the exam.

## LEGAL STANDARD

*Habeas Corpus* relief will not be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C.

§ 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The federal court deferentially reviews the decision of the last state court. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). State-court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (citing 28 U.S.C. § 2254(e)(1)). Federal courts liberally construe *pro se* petitions for *habeas corpus* relief. *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004).

A petitioner is required to exhaust all the remedies available to him in state court before seeking *habeas corpus* relief in federal court. 28 U.S.C. § 2254(b)(1)(A). In exhausting his remedies, the petitioner is required to "present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A petitioner's claims must be presented "in concrete, practical terms, [so that] the state court [is] sufficiently alerted to the federal constitutional nature of the issue." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001) (*Ellsworth*). Claims that are not fairly presented to the state court are procedurally defaulted upon *habeas* review. *Baldwin v. Reese,* 541 U.S. 27, 29, 30-31 (2004).

To determine whether a petitioner has fairly presented a claim to the state court, the court examines four factors: "(1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Ellsworth*, 248 F.3d at 639.

Procedurally defaulted claims will be reviewed only if "the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice." *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010).

## DISCUSSION

Respondent asserts that all of Petitioner's claims are either meritless or procedurally defaulted.

### *Claim on the Merits*

Petitioner's first claim before this Court asserts that his Fifth and Sixth Amendment rights were violated when the trial court admitted into evidence statements Petitioner made during a state-represented therapy session with a state psychiatrist. Petitioner argues that the terms of his conditional release and treatment mandate that he disclose incriminating statements, and the use of these statements in subsequent criminal proceedings violates his rights against self-incrimination.

Petitioner submitted this claim to the state courts with specific reference to the Fifth and Sixth Amendment and cited a United States Supreme Court case that was directly on point, *Allen v. Illinois*, 478 U.S. 364, 366-67 (1986) (*Allen*).

For Petitioner to be entitled to relief based on this claim, the state appellate court ruling must be contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). A decision is contrary to federal law if the state court "decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). An unreasonable application of federal law occurs when "a state court incorrectly applie[s] a federal law and that the state court's application [is] objectively

unreasonable." *Mack v. Battaglia*, 385 F.Supp.2d 751, 760 (N.D. Ill. 2005) (citing *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002)).

The state appellate court relied on *People v. Lindsey*, 771 N.E.2d 399 (2002) (*Lindsey*), in rejecting Petitioner's claim that the revocation proceedings under the Illinois Sexually Dangerous Persons Act were criminal in nature. *Kish*, 916 N.E.2d at 553, 559. In that case, the Illinois Supreme Court ruled that because the proceedings under the Act are civil in nature, the defendant's Fifth Amendment right against self-incrimination did not apply. See *Lindsey*, 771 N.E.2d 399.

The state appellate court decision is consistent with Supreme Court precedent. In *Allen*, the petitioner argued that the proceedings under the Illinois Sexually Dangerous Persons Act were criminal, and his Fifth Amendment right against self-incrimination applied. *Allen*, 478 U.S. at 366-67. The Supreme Court rejected this argument and found that the proceedings are civil in nature and that therefore a petitioner's Fifth Amendment right did not apply to the proceedings. *Allen*, 478 U.S. at 373-374. It is of no consequence that the state appellate court did not cite to *Allen* in rendering a decision. See *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (A state court does not have to cite to nor be aware of Supreme Court precedent in order for the decision to be consistent with clearly established federal law).

The state appellate court's ruling that Petitioner's Fifth Amendment right against self-incrimination did not apply to the civil revocation hearing was consistent with *Allen*. Therefore, the state appellate court's decision was neither contrary to nor an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1). Therefore, Petitioner is not entitled to *habeas corpus* relief on claim one.

*Procedurally Defaulted Claims*

Respondent argues that Petitioner's second, third, and fourth claim for *habeas* relief are procedurally defaulted.

Petitioner's second claim before this Court asserts that the trial court erroneously admitted into evidence the content of polygraph examinations administered to him while on conditional release. Petitioner argues that his due process rights were violated by the introduction of evidence that is unreliable. Also, Petitioner asserts that he was compelled to submit to the exams by force and threat.

Before the state appellate court, Petitioner asserted that polygraph evidence is inadmissible under Illinois state law. In support of this claim, Petitioner cited to *People v. Baynes* and *People v. Hilliard*. These cases do provide that polygraph examinations are inadmissible under Illinois law. *People v. Baynes*, 430 N.E.2d 1070, 1079 (Ill. 1981); *People v. Hilliard*, 441 N.E.2d 135, 140 (Ill. App. 1982). However, neither of these cases held that the exclusion of polygraph evidence was required under the federal constitution. Petitioner relied on these same two cases and an Illinois state statute, in seeking relief in the Illinois Supreme Court.

Petitioner failed to cite to any federal or state cases that engaged in a similar constitutional analysis. While Petitioner is not required to cite a "book and verse" of the Constitution, *Picard v. Connor*, 404 U.S. 270, 278 (1971), his heavy emphasis on Illinois state law did not highlight a potential federal constitutional violation to the state courts. Therefore, this claim is procedurally defaulted.

In his third claim before this Court, Petitioner argues that the trial court violated his Fourteenth Amendment rights, federal HIPPA laws, and the Confidentiality Act by admitting

7

confidential medical information. However, Petitioner withdrew this claim in his reply brief to the State's Answer, asking that this Court dismiss the claim without prejudice.

Even if Petitioner had not withdrawn this claim, he would not be entitled to relief because the claim is procedurally defaulted. To the state appellate court, Petitioner claimed that the Illinois Mental Health and Development Disabilities Confidentiality Act, (740 ILCS 110/1), *Petrillo v. Syntext Laboratories, Inc.*, 499 N.E.2d 952 (Ill. App. 1986) (*Petrillo*), and the federal HIPPA law, prohibit the introduction of confidential medical information without the patient's consent. *Kish*, 916 N.E.2d at 557. Also, Petitioner claims that the consent to disclose privileged medical information, relied on by the State in the trial court, was not in compliance with Illinois state law.

In *Petrillo*, the ruling was based on public policy concerns not the federal constitution. *Petrillo*, 499 N.E.2d at 588. By relying principally on Illinois authority, this claim does not "call to mind a specific constitutional right." *Ellsworth*, 248 F.3d at 639. Petitioner has failed to provide a specific federal constitutional provision that prohibits the introduction of confidential medical information. As such, this claim is procedurally defaulted.

Petitioner's fourth claim before this Court asserts that his due process rights under the Fourteenth Amendment were violated when the trial court erroneously allowed into evidence hearsay statements regarding the polygraph examination. This claim asserts that the trial court should not have allowed Baker and Junker to testify as to alleged statements made by Petitioner to the polygraph examiner, when said examiner did not testify.

When seeking relief in the state appellate court and the Illinois Supreme Court, Petitioner argued that this claim is grounded in the fact that the testimony was highly prejudicial. Petitioner did not rely on any federal or state cases that engaged a constitutional analysis of similar facts.

8

Nor did Petitioner frame this claim in a way that brings to mind a specific constitutional right. In short, Petitioner did not alert the state courts as to the federal nature of this claim. Therefore, this claim is procedurally defaulted.

## CONCLUSION

For the reasons stated above, Andrew Kish's Amended Petition for Writ of *Habeas Corpus* is denied.

Dated: 2-24-11

JOHN W. DARRAH
United States District Court Judge